## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 25-73** |
| **KEITH TONEY** | **SECTION: D(4)** |

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Bribery Allegations filed by Defendant Keith Toney ("Toney").[1]  The Government opposes the Motion.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

### I.    FACTUAL BACKGROUND

On March 27, 2025, Toney was indicted on one count of Accepting a Bribe as a Public Official in violation of 18 U.S.C. § 201(b)(2)(A) and (C).[3]  In the Indictment, the Government alleges:

> Beginning on a date unknown, but prior to November 21, 2022, and continuing to on or about June 22, 2023, in the Eastern District of Louisiana, the defendant, Keith Toney, being a public official, namely, a mail carrier employed by the United States Postal Service, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept a thing of value personally, in return for being influenced in the performance of an official act and being induced to do an act and omit to do an act in violation of his official duties; that is, receiving monetary payments to facilitate the shipment of parcels containing narcotics by coordinating with a drug distributor to arrange for the delivery of parcels, and personally delivering and turning over the parcels containing narcotics to a drug distributor, in violation of Title 18, United States Code, Section 201(b)(2)(A) and (C).[4]

---

[1] R. Doc. 15.
[2] R. Doc. 20.
[3] R. Doc. 1.
[4] *Id.* at 1.

On May 12, 2025, Toney filed the instant Motion in Limine to Exclude Bribery Allegations.[5]  In it, Toney argues for the exclusion of direct or indirect "allegations or references to bribery in the upcoming trial."[6]  Relying on the Fifth Circuit's decision in *United States v. Hamilton*,[7] Toney argues that a showing of bribery requires the Government to prove that there was "a *quid pro quo*—a specific intent to give or receive something of value in exchange for an official act."[8]  While Toney's position is not entirely clear, Toney appears to argue that the Government's failure to charge him with a drug-related crime, as well as its failure to identify any specifics about the drugs, shows that the Government cannot prove that Toney received anything of value in exchange for his official acts.[9]

In response, the Government argues that at trial, it will introduce evidence showing that while employed as a mail carrier, Toney delivered packages containing drugs off-route to a drug dealer in exchange for approximately $100 per package.[10]  The Government alleges that the relevant "packages were addressed to various aliases, not in the name of the drug dealer, and were addressed to various addresses, not where the drug dealer lived."[11]  According to the Government, the evidence will show that "Toney would text the drug dealer . . . when he had one of the drug packages and tell the drug dealer that Toney was in possession of the packages.  Toney would

---

[5] R. Doc. 15.
[6] *Id.* at 1.
[7] 46 F.4th 389, 394 (5th Cir. 2022).
[8] R. Doc. 15-1 at 3.
[9] *Id.* at 4.
[10] R. Doc. 20 at 2.
[11] *Id.*

scan the packages as 'delivered' while he was on his route but would actually hold the packages until he could meet up with the drug dealer."[12]  Then, "[t]he drug dealer would pay Toney $100 in exchange for ensuring that the drug dealer received these packages."[13]  The Government "agrees that legal standards for 18 U.S.C. § 201(b) detailed in *Hamilton* will apply to Toney's case" but insists that "those legal standards support the inclusion—not the exclusion—of evidence demonstrating that Toney accepted bribes in his capacity as a public official."[14]

## II.    LEGAL STANDARD

The purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[15]  Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.[16]  While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[17]  "The exclusion of evidence under Rule 403 should occur only sparingly."[18]

---

[12] *Id.*
[13] *Id.*
[14] *Id.* at 5.
[15] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (internal quotations omitted).
[16] FED. R. EVID. 401(a)-(b).
[17] FED. R. EVID. 403.
[18] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993).

## III.    ANALYSIS

Toney argues that "the government should not be allowed to argue/allege bribery."[19]  Toney has been indicted under 18 U.S.C. § 201, "[t]he general bribery statute."[20]  To be convicted under this statute, the Government must prove: (1) that the defendant, a public official directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept personally something of value; (2) and that the defendant did so corruptly in return for being influenced in his performance of an official act.[21]  "An act is 'corruptly' done if it is done intentionally with an unlawful purpose."[22]

With this in mind, the Court finds that evidence and arguments pertaining to bribery are plainly relevant and admissible in a criminal trial where the defendant is charged with bribery under 18 U.S.C. § 201.  The Federal Rules of Evidence instruct that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[23]  Bribery is the exact charge Toney is facing; evidence relating to bribery is thus inherently relevant to this case.

The only basis for exclusion that the Court can understand from Toney's Motion is that the Government has not charged Toney with a drug-related offense or identified any facts pertaining to the drugs Toney is alleged to have handled.  Toney

---

[19] R. Doc. 15-1 at 4.
[20] *United States v. Hamilton*, 46 F.4th 389, 394 (5th Cir. 2022).
[21] Fifth Circuit Pattern Jury Instructions, 2.09B (2024).
[22] *Id.*
[23] FED. R. EVID. 401(a)-(b).

4

does not explain, however, how this affects the relevance or admissibility of bribery allegations or evidence in this matter.  Toney has not pointed to any authority suggesting that a bribery charge, even one that is arguably related to drug crimes, is dependent on the existence of a charged drug crime.  Toney's reliance on *Hamilton* fails to support his argument. As an initial matter, the defendant in *Hamilton* was charged under 18 U.S.C. § 666, 18 U.S.C. § 371, and 18 U.S.C. § 1952; Toney is charged under 18 U.S.C. § 201(b). Further, to the extent that the Fifth Circuit in *Hamilton* discussed 18 U.S.C. § 201(b), it stressed that "Subsection (c) covers illegal gratuity, which "requires a showing that something of value was given, offered, or promised to a public official" "for or because of any official act performed or to be performed by such public official."[24] As explained above, as well as in *Hamilton*, § 201(b)(2) requires the Government to prove only that the defendant was a public official who received, accepted, or agreed to receive or accept something of value and that the defendant did so corruptly in return for being influenced in his performance as an official act.[25]  Toney's position reads additional elements into § 201(b)—namely, that the motivation for the bribery must be an additional crime for which the defendant is also charged.  Section 201(b) simply does not require this, and therefore, the fact that the Government has not found it appropriate at this time to charge Toney with a drug-related crime does not deem allegations and/or evidence relating to bribery inadmissible or otherwise excludable.[26]

---

[24] *Hamilton*, 46 F.4th at 394-95.

[25] Fifth Circuit Pattern Jury Instructions, 2.09B (2024).

[26] To the extent that Toney's Motion is premised on other theories of inadmissibility, the Court is unable to identify those theories, and they are therefore unsuccessful.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion in Limine to Exclude Bribery Allegations filed by Defendant Keith Toney is **DENIED**.

New Orleans, Louisiana, June 11, 2025.

**WENDY B. VITTER**
**United States District Judge**